[Civ. No. 4472. First Appellate District, Division Two.—January 30, 1923.]

MARIE DIENER, Appellant, v. B. F. SHAUL et al., Respondents.

[1] CONVERSION—DESTRUCTION OF PROPERTY BY CONSENT.—The owner of wine is not entitled to recover the value thereof because of its destruction by the sheriff where the former consented to such destruction and, as found by the jury, such consent was given freely and voluntarily, and not under duress.

APPEAL from a judgment of the Superior Court of Lake County. M. S. Sayre, Judge. Affirmed.

The facts are stated in the opinion of the court.

Roy L. Daily, W. C. Burgess and Benjamin C. Jones for Appellant.

C. M. Crawford and J. E. Pemberton for Respondents.

LANGDON, P. J.—This is an action to recover the value of certain wine alleged to have been the property of the plaintiff and to have been destroyed by the defendant Shaul, the sheriff of the county of Lake. The other defendant is the surety upon the sheriff's official bond.

The action was tried before a jury which brought in a verdict for the defendants. From a judgment rendered upon this verdict the plaintiff has appealed.

[1] It is admitted that the wine was destroyed by the sheriff upon the written consent of the plaintiff. It is claimed, however, by the plaintiff, that this consent was obtained by duress. The plaintiff had 600 gallons of wine in a cellar of her home held in a bonded warehouse and 180 gallons upstairs. Her son, who lived with her, sold some of this wine and was arrested. He pleaded guilty and was sentenced to sixty days in jail and to pay a fine. The jail sentence was suspended, however, upon condition that he should refrain from further violations of the law and that the liquor upon the premises should be destroyed. The son consented to this, but stated that the liquor belonged to his mother and he had no right to consent to its destruction.

The sheriff was then instructed to obtain the mother's consent before destroying the wine. The son returned to his home late in the evening and explained the entire matter to his mother and on the following day the sheriff arrived at the home of plaintiff and her son and presented a written consent to the destruction of the wine for the mother to sign. She did so and the jury has found, under instructions which fully and fairly presented the plaintiff's contention of duress, that she signed this consent voluntarily and that the same was not procured by duress. This is determinative of the case. Plaintiff had power to consent to the destruction of her property to save her son from serving a jail sentence and she cannot recover damages from one who acted upon that consent.

It is unnecessary for us to determine whether or not plaintiff had forfeited her right to the liquor or whether or not a judgment of a court declaring such forfeiture was essential to a destruction of her property rights, or many of the other interesting questions argued in the briefs, for, as we have stated, if the plaintiff consented to the destruction of the wine, she cannot recover against the defendants, regardless of whether or not she had a property right in the same. The matter of her free and voluntary consent was presented to the jury by the instructions, given at the request of the plaintiff. After full and fair instructions regarding duress, menace, fraud, constructive fraud, etc., the jury was instructed: "If you find from the evidence that the defendant seized and destroyed the wine owned by Marie Diener, plaintiff herein, without a valid process or order of court, he was a trespasser from the beginning and personally liable for his acts, unless the plaintiff, Marie Diener, voluntarily consented to the seizure and destruction of said wine." It was not disputed that the sheriff did nor act or purport to act under an order of court for the destruction of the wine, but relied upon plaintiff's consent, and did not proceed until he had secured the same.

In the face of the instruction just quoted the jury brought in a verdict for the defendants and we assume they followed the instructions of the court. It being settled, therefore, by the finding of the jury that the plaintiff voluntarily consented to the destruction of the wine, the case is concluded and plaintiff could not have been preju-

diced by rulings of the court in relation to the admission of evidence of various sales of wine made by her or other matters which had no bearing upon the question of her free and voluntary consent to the destruction of this wine.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.